David Karl Gross, ABA #9611065
Mara E. Michaletz, ABA #0803007
Michelle Nesbett, ABA #0705028
Birch Horton Bittner & Cherot
510 L Street, Suite 700
Anchorage, Alaska 99501
Telephone: 907.276.1550
Facsimile: 907.276.3680
dgross@bhb.com
mmichaletz@bhb.com
mnesbett@bhb.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JEFFREY R. GREEN,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA, and BUREAU OF PRISONS,<br><br>    Defendants. | Case No.: 3:22-cv-_____ (___) |

## COMPLAINT

COMES NOW Plaintiff, Jeffrey R. Green ("Jeff"), by and through undersigned counsel, and hereby states and alleges as follows:

### PARTIES

1. Jeff is a resident of, and domiciled in, the State of Alaska.

2. Defendant, the United States of America (the "Government"), is a public entity governed by all applicable laws, including the Federal Tort Claims Act (28 U.S.C. 2671, *et seq.*)

3. Defendant, the Bureau of Prisons ("BOP"), is a department and agency of the Government.

4. On April 13, 2022, a demand letter with a completed Standard Form 95 was send to the Government and BOP demanding damages as a result of its tortuous conduct. This amounted to a valid presentation of an administrative claim.

5. In the six months since the administrative claim was asserted, neither the Government, nor BOP, took any action to address the claim. Pursuant to 28 U.S.C. § 2675(a), this inaction amounts to a denial of the administrative claim.

6. All administrative remedies that are required prior to filing a lawsuit have been exhausted and this lawsuit is proper.

## JURISDICTION/VENUE

7. This Court has jurisdiction over this action pursuant to the Federal Tort Claims Act, specifically including 28 U.S.C. § 1331.

8. This District is an appropriate venue for this action pursuant to 28 U.S.C. §§ 1391(b)(1), (b)(2), and (e)(1)(B).

GREEN V. USA, ET AL.     CASE NO. 3:22-cv-_____ (___)
COMPLAINT     PAGE 2 OF 6
01276970.DOCX

Case 3:22-cv-00244-HRH    Document 2    Filed 11/09/22    Page 2 of 6

## FACTUAL ALLEGATIONS

9. Jeff was convicted of certain charges. He was incarcerated and served the majority of his time in two federal correctional facilities: FCI Sheridan in Oregon and FCI Victorville in California.

10. All of the actions set forth herein were done by employees of either the Government or BOP and all such actions were done in the course and scope of employment.

11. During the course of his incarceration, which was from October 2020 to March 2022, Jeff repeatedly and consistently complained to prison officials and medical staff of frequent and difficult urination, incontinence, nausea and pain in the area of his prostate. On numerous occasions he specifically told medical staff that he was unable to urinate and needed immediate medical care.

12. On April 8, 2021, BOP medical staff diagnosed Jeff with an enlarged prostate with lower urinary tract symptoms. BOP medical staff failed to order additional testing despite symptoms consistent with prostate cancer.

13. On September 27, 2021, BOP medical staff acknowledged that Jeff had been verbalizing prostate issues for about a year, and that he had a previous PSA of 14, an indicator of prostate cancer.

14. Despite showing all of the symptoms of prostate cancer, and despite test results demonstrating the high likelihood that he had prostate cancer, his requests to see a urologist were ignored by the Government and BOP.

15. Finally, on March 7, 2022, over a year after he made his original request for medical care, Jeff was seen at a local emergency room where a biopsy of his prostate was taken. This testing showed the existence of prostate cancer.

16. Because Jeff had not received prompt medical care, the cancer has metastasized, meaning that it has already spread to other locations throughout his body other than the prostate, making it inoperable, and thus terminal.

17. On March 17, 2022, a bone scan revealed the cancer has spread to Jeff's pelvis, spine, ribs, and sternum.

18. Had prison officials responded to Jeff's repeated requests for medical care in a timely fashion, his prostate cancer would have been diagnosed and easily treated before it spread into other locations in his body. Because there are numerous and effective treatment methods available for prostate cancer when detected early, he would have been able to make a full recovery. However, because of the inaction on the part of the Government and BOP, Jeff will now die of cancer in the relative short term.

## CLAIMS FOR RELIEF

19. The Government and BOP acted in a manner that was unreasonable and below the applicable standard of care.

20. The Government and BOP failed to provide medical care to Jeff in a manner required by a medical professional and acted below the applicable standard of care for a medical professional.

21. The Government and BOP failed to properly train and/or supervise prison staff to adequately respond to requests for medical care. In particular, the Government and BOP failed to properly train and/or supervise prison staff to adequately respond to complaints related to the prostate.

22. The negligent conduct on the part of the Government and BOP was the direct and proximate cause of the damages Jeff now suffers. In particular, the negligent conduct set forth above has resulted in terminal prostate cancer.

23. Due to the negligent conduct on the part of the Government and BOP, Jeff has suffered damages, including medical expenses, lost wages, pain and suffering, loss of enjoyment of life and other economic and non-economic damages, the exact amount to be proven at the time of trial.

## PRAYER FOR RELIEF

Having alleged the foregoing, Plaintiff prays for relief as follows:

1. For judgment in accordance with the above-stated claim for relief against Defendants in an amount in excess of $75,000, the exact amount to be proven at the time of trial.

2. For attorneys' fees and costs in bringing this lawsuit to the fullest extent permitted by law, including Alaska Rules of Civil Procedure 82 and 79; and

3. For such other relief as the Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

Jeff hereby demands a trial by jury on all claims triable to a jury.

DATED this  9th  day of November, 2022.

>BIRCH HORTON BITTNER & CHEROT
>Attorneys for Plaintiff
>
>By:      /s/ David Karl Gross
>     David Karl Gross, ABA #9611065
>     Mara E. Michaletz, ABA #0803007
>     Michelle Nesbett, ABA #0705028